NATIONAL FEDERATION OF FEDER-
AL EMPLOYEES, Plaintiff,

v.

Donald J. DEVINE, Director, Office of
Personnel Management, et al.,
Defendants.

Civ. A. No. 84–1109.

United States District Court,
District of Columbia.

May 30, 1984.

Bruce F. Heppen, Washington, D.C., for plaintiff.

Paul Blankenstein, Richard Greenberg, Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION

BARRINGTON D. PARKER, District Judge:

The plaintiff National Federation of Federal Employees (NFFE) seeks declaratory and injunctive relief from injury caused by defendants' publication of the 1984 edition of Title 5 of the Code of Federal Regulations (CFR). That edition of the CFR contains regulations which purport to be in effect as of January 1, 1984, but which were actually barred for fiscal year 1984 by Congress and declared null and void by this Court on December 30, 1983. *National Treasury Employee Union v. Devine*, 577 F.Supp. 738 (D.D.C.1983); *aff'd* 733 F.2d 114 (D.C.Cir.1984). The plaintiff asks that the publication of these regulations in the CFR be declared contrary to the Court's ruling of December 30, 1983, and contrary to the provisions of both H.J.Res. 413, Pub.L. No. 98–151, 97 Stat. 964 (1983), and the Federal Register Act, 44 U.S.C. § 1501, *et seq.*

Before the Court are defendants' motion to dismiss and cross motions for summary judgment. In accordance with its ruling in open Court on May 11, 1984, the Court denies defendants' motions to dismiss and for summary judgment, and grants plaintiff's motion for summary judgment.

## THE PARTIES

NFFE is an independent labor organization representing nearly 150,000 employees throughout the federal government. It represents federal employees through collective bargaining, processing grievances and taking matters to arbitration, pursuing charges of unfair labor practices, lobbying in Congress for legislation on pay and benefits, and through litigation in the courts. NFFE and its affiliated locals act as the exclusive bargaining representative for federal employees pursuant to Title VII of the Civil Service Reform Act of 1978, 5 U.S.C. §§ 7101, *et seq.*

Defendant Donald J. Devine is Director of the Office of Personnel Management (OPM) and is charged with executing, administering, and enforcing rules, regulations and the laws governing the civil service. Defendant Ray Kline is the Acting Administrator of the General Services Administration, and is responsible for the printing and distribution of documents to be published in the Federal Register. Defendant John E. Byrne is the Director of the Office of the Federal Register and acts in conjunction with the Administrator of the General Services Administration in the printing and distribution of documents to be published in the Federal Register. Defendant William J. Barrett is the Acting Public Printer and head of the Government Printing Office, and is also charged with the responsibility for the printing and distribution of documents to be published in the Federal Register. Defendant Michael F. DiMario is the Superintendent of Documents, Government Printing Office, and is responsible for the disposition, sale, printing of additional copies for sale, and general distribution of public documents.

## THE COURSE OF THIS PROCEEDING

The plaintiff filed this complaint on April 10, 1984. The Court determined on April 17 that the plaintiff had satisfied the requirements for emergency equitable relief. Accordingly, a temporary restraining order was entered directing the defendants to publish three letters in the Federal Personnel Manual explaining that the new 5 CFR contains enjoined regulations and to publish notice in the Federal Register to the same effect. The temporary restraining order was then amended to require a fourth letter covering other parts of the CFR which were affected but not included in the prior order. It was later extended

with the consent of the parties until the court ruled on cross motions for summary judgment and later amended to include the fact that the United States Court of Appeals for the District of Columbia Circuit had affirmed this Court's ruling in *NTEU v. Devine, supra;* 733 F.2d 114 (D.C.Cir. 1984).

On the motion to dismiss now before the Court, defendants claim that NFFE lacks standing. The essence of their contention is that no federal agency has attempted to enforce the regulations, so that the mere publication of the enjoined regulations has not inflicted injury-in-fact on NFFE. On their motion for summary judgment, defendants claim that mere publication does not amount to implementation or enforcement and that consequently defendants did not violate this Court's injunction in *Devine.* Lastly, they argue that even if they violated this Court's injunction, the relief already awarded NFFE by the temporary restraining order is sufficient, and no further relief should be ordered.

NFFE contends that it has standing, that defendants violated this Court's injunction, H.J.Res. 413 and the Federal Register Act, and that it should be awarded additional relief: publication of a supplemental volume to Title 5 of the CFR which would contain the still-valid 1983 regulations omitted from the 1984 CFR volume.

## BACKGROUND

By letter dated December 30, 1983, the Department of Justice notified the General Counsel of all agencies, including the General Services Administration (GSA) of the permanent injunction entered in *NTEU v. Devine* concerning the OPM regulations. Letter of Richard Willard. In spite of this notification, the Office of the Federal Register (OFR), which is a part of the GSA and which prepares the copy for the CFR, included the enjoined regulations in its compilation of "documents of general applicability and future effect as of January 1, 1984." 5 CFR p. i, Parts 300, 335, 351, 430, 451, 531, 532, 540, 551. Accompanying each Part or section of banned regulations,

the OFR inserted an "editorial note" to the effect that the regulations are "currently in litigation." *See* Declaration of Robert E. Jordan, ¶¶ 3, 4.

The OPM was advised by the OFR of the inclusion of the enjoined regulations and the galleys for final printing were forwarded from OFR to OPM for inspection. Declaration of Robert Jordan, ¶ 4. On February 6, 1984, the OPM advised the OFR, by letter, that it had "no objection" to the OFR's publication of OPM's regulations in the 1984 edition of Title 5 of the CFR. Declaration of Robert Jordan, attachment.

In April, 1984, the defendants began to distribute the volume of Title 5 of the CFR which contained the enjoined regulations. On April 6, 1984, the plaintiff secured a copy of the volume from the Government Printing Office warehouse in Laurel, Maryland. Complaint, ¶ 16, attachments 3, 4, 5.

## DISCUSSION

### Plaintiff Has Standing

■ Either threatened or actual harm may be alleged in support of the jurisdictional requirement of standing that there be injury in fact. *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982); *Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 41, 96 S.Ct. 1917, 1925, 48 L.Ed.2d 450 (1976). Although a plaintiff "must allege that he has been or will in fact be perceptibly harmed," *United States v. SCRAP,* 412 U.S. 669, 688, 93 S.Ct. 2405, 2416, 37 L.Ed.2d 254 (1973), that harm need not amount to more than an "identifiable trifle." *Id.* at 689 n. 14, 93 S.Ct. at 2417 n. 14. *See Community Nutrition v. Block,* 698 F.2d 1239, 1246 (D.C.Cir.1983), *cert. granted,* —— U.S. ——, 104 S.Ct. 480, 78 L.Ed.2d 678 (1983).

■ Plaintiff will suffer injury in fact and therefore has standing to sue on behalf of its members because of the injury which will be caused by the distribution of the volumes of the Code containing the en-

joined regulations. The harm here is the mistaken reliance by individual users of Title 5 of the Code of Federal Regulations, which will occur as the volumes of the Code are distributed to individual libraries and subscribers. Individual federal employees will rely upon these volumes of the Code in making critical decisions concerning their right to challenge adverse decisions withholding within grade pay increases and denying overtime. Local union personnel and outside counsel will rely upon the tainted volumes in giving guidance on what actions to take to remedy personnel actions. Mistakes will be made because the volumes of the Code identified as being current as of January 1, 1984 contain regulations which never came into effect. *See* Amended Complaint, ¶¶ 28, 33; Affidavit of Lawrence Davis, ¶ 3; Affidavit of Gary Divine, ¶ 3.

Not only have plaintiff's members suffered injury but plaintiff has suffered injury in its *own* capacity as an organization, as its educational mission and representational functions have been harmed by the publication of the tainted volume of the Code. Also plaintiff's ability to recruit new members has been harmed. Defendants' actions, in violation of the Order of this Court issued December 30, 1983, undermine plaintiff's claims that litigation is an appropriate strategy to vindicate the rights of federal employees. The importance of litigation is an important inducement to recruiting new members. *See* Amended Complaint, pp. 23, 24, 29, 30; Affidavit of Lawrence Davis, ¶¶ 8, 9; Affidavit of Gary Divine, ¶¶ 7, 8.

This Court concludes that the NFFE has standing to press this lawsuit, and defendants' motion to dismiss is without merit.

### Defendants Have Violated H.J.Res. 413 and the Court's Injunction

■ The publication of the banned regulations in the Code violated H.J.Res. 413, which incorporated the provisions of Section 508 of H.R. 4139, 98th Cong., 1st Sess. (1983). Section 508 barred the obligation or expenditure of funds appropriated under the Act from being used to implement, promulgate, administer or enforce the banned regulations. This congressional prohibition specifically applied to both OPM and GSA, of which the OFR is a part. Appropriated funds were used to pay the salaries of persons involved in the approval of galley proofs and transmission of those proofs between OFR, OPM and GPO. OPM has incurred the obligation of reimbursing OFR for the cost of publication of the disputed regulations. 44 U.S.C. § 1509.

The publication also violated the Order of December 30, 1983 issued in *NTEU v. Devine.* That Order declared the regulations null and void and enjoined Devine, as Director of OPM, from taking any action directly or indirectly with respect to the enjoined regulations. Yet, in violation of the Order, OPM approved the publication of these regulations on February 6, 1984, when OFR sought OPM approval. *See* Declaration of Robert E. Jordan.

OPM could have avoided a violation of this Court's Order by requiring that OFR publish the regulations codified in the 1983 edition of the Code in place of the enjoined regulations.

In light of this Court's conclusion that defendants' publication of the enjoined regulations violated H.J.Res. 413 and this Court's order, the Court need not decide whether defendants' publication also violated the Federal Register Act.

### A Balancing of the Equities Favors Granting the Plaintiff Full Relief

■ The government has not opposed the issuance of a series of four Federal Personnel Manual Letters and of a Federal Register notice as appropriate relief, in the event of a finding upon the merits in favor of plaintiffs. This relief is an appropriate means to assure that professional personnel specialists employed by the government and attorneys, who may be presumed to understand how to use the Federal Regis-

ter system, have notice of which regulations are currently in effect.

The additional relief sought by plaintiff, in the form of publication of a supplemental volume of the CFR, containing the regulations published in the 1983 edition of Title 5 of the Code is also granted to assure that less sophisticated users of the Code are able to have ready access to the regulations currently in effect. Nonattorney users of the Code cannot be expected to be able to engage in legal research such as that done by an attorney. The additional cost to the government of this action, estimated to be about $14,300, constitutes a minimal expenditure of funds, and is warranted in light of OPM's decision to publish the enjoined regulations, rather than the old regulations, despite the issuance of the December 30, 1983 Order.

■ Lastly, the Court recognizes that the government is not generally required to publish a supplemental volume whenever regulations are invalidated. But this instance dictates a departure from the norm. This is not the usual situation where regulations come into effect and are then declared null and void after their subsequent publication in the Code. Rather, the Court is presented with a situation where, *at the time of publication*, the Code contained a gross misstatement to the effect that the enjoined regulations were effective as of January 1, 1984.

The clarity and specificity of the legislative policy being enforced affects the appropriateness of equitable relief. The Court of Appeals for the District of Columbia, in its affirmance of *NTEU v. Devine*, made clear that OPM should have understood the Congressional mandate announced in H.J.Res. 413.

### CONCLUSION

In accordance with the foregoing, the plaintiff's cross motion for summary judgment should be granted. An appropriate judgment and order accompanies this Memorandum Opinion.